**FITAPELLI & SCHAFFER, LLP**
Nicholas P. Melito
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **INOCENCIO VALERO, RAFAEL RIVERA, CYNTHIA GUINEA, LUIS A. CASTILLO MARTINEZ, JORGE RAFAEL GIL SAMAYOA, and ELEUTERIO DANIEL JOLOMNA CHUB, on behalf of themselves,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**CUGINI PIZZERIA CORP., FRESCO BRONX INC., ANDRE LOGUIDICE, individually, and KONSTANTINOS THEODORATOS, individually,**<br><br>**Defendants.** | Case No.  17-9179<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Inocencio Valero, Rafael Rivera, Cynthia Guinea, Luis A Castillo Martinez, Jorge Rafael Gil Samayoa, and Eleuterio Daniel Jolomna Chub (collectively, "Plaintiffs"), on behalf of themselves, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, and other damages for Plaintiffs Inocencio Valero, Rafael Rivera, and Cynthia Guinea (collectively, "Tipped Employees") – who work at Fresco Pizza and Pasta located at 560 E. 149th Street, Bronx, New York 10455 (hereinafter, "Fresco Pizza").

2.      This lawsuit also seeks to recover minimum wages, overtime compensation, spread-of-hours pay, and other damages for Plaintiffs Luis A. Castillo Martinez, Jorge Rafael Gil Samayoa, and Eleuterio Daniel Jolomna Chub (collectively, "Non-Tipped Employees") – who work or have worked at Fresco Pizza.

3.      Owned and/or operated by Cugini Pizzeria Corp., Fresco Bronx Inc., Andre Loguidice, and Konstantinos Theodoratos (collectively, "Defendants"), Fresco Pizza is a traditional Italian restaurant and pizzeria.

4.      Throughout their employment, Defendants have paid Tipped Employees less than the full minimum wage rate for their work as delivery persons and servers.

5.      Defendants, however, have not satisfied the strict requirements under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") that would allow them to apply a "tip credit" to Tipped Employees' wages.

6.      In this regard, Defendants failed to provide Tipped Employees with notification of the tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to Tipped Employees' wages.

7.      At times during their employment, Defendants have paid Non-Tipped Employees below the full minimum wage rate.

8.      Throughout their employment, Defendants also maintained a policy and practice whereby Plaintiffs were not paid the appropriate premium overtime pay for hours worked in excess of 40 per workweek.  In that regard, Defendants paid Plaintiffs their regular hourly rate for all hours worked (*i.e.*, "straight time").

9.      Plaintiffs bring this action on behalf of themselves to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs of their lawfully earned wages.

10.     Plaintiffs also bring this action on behalf of themselves to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiffs**

**Inocencio Valero**

11.     Inocencio Valero ("Valero") is an adult individual who is a resident of the Bronx, New York.

12.     Valero has been employed by Defendants as a delivery person – a Tipped Employee – at Fresco Pizza from in or around December 2008 through the present.

13.     Valero is a covered employee within the meaning of the FLSA and NYLL.

**Rafael Rivera**

14.     Rafael Rivera ("Rivera") is an adult individual who is a resident of the Bronx, New York.

15.     Rivera has been employed by Defendants as a delivery person – a Tipped Employee – at Fresco Pizza from in or around March 2011 through the present.

16.     Rivera is a covered employee within the meaning of the FLSA and NYLL.

**Cynthia Guinea**

17.     Cynthia Guinea ("Guinea") is an adult individual who is a resident of the Bronx, New York.

18.     Guinea has been employed by Defendants as a cashier and server – a Tipped Employee – at Fresco Pizza from in or around August 2015 through the present.

19.     Guinea is a covered employee within the meaning of the FLSA and NYLL.

**Luis A. Castillo Martinez**

20.     Luis A. Castillo Martinez ("Martinez") is an adult individual who is a resident of the Bronx, New York.

21.    Martinez was employed by Defendants as a pizza maker – a Non-Tipped Employee – at Fresco Pizza from in or around March 2009 to in or around March 2017.

22.    Martinez is a covered employee within the meaning of the FLSA and NYLL.

**Jorge Rafael Gil Samayoa**

23.    Jorge Rafael Gil Samayoa ("Samayoa") is an adult individual who is a resident of the Bronx, New York.

24.    Samayoa has been employed by Defendants as a cook and food preparer – a Non-Tipped Employee – at Fresco Pizza from on or around January 4, 2006 through the present.

25.    Samayoa is a covered employee within the meaning of the FLSA and NYLL.

**Eleuterio Daniel Jolomna Chub**

26.    Eleuterio Daniel Jolomna Chub ("Chub") is an adult individual who is a resident of Florence, Alabama.

27.    Chub was employed by Defendants as a dishwasher and cook – a Non-Tipped Employee – at Fresco Pizza from on or around February 4, 2014 until on or around March 2, 2017.

28.    Chub is a covered employee within the meaning of the FLSA and NYLL.

**<u>Defendants</u>**

29.    Defendants have jointly employed Plaintiffs at all times relevant.

30.    Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

31.    During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

**Cugini Pizzeria Corp.**

32.    Together with the other Defendants, Cugini Pizzeria Corp. ("Cugini Pizzeria") has owned and/or operated Fresco Pizza during the relevant time period.

33.    Cugini Pizzeria is a domestic business corporation organized and existing under the laws of New York.

34.    Cugini Pizzeria is the corporate identity that has appeared on Plaintiffs' paychecks for work performed at Fresco Pizza.

35.    Cugini Pizzeria is listed as the "Premises Name" on the inactive New York State Liquor License for the premises doing business as "Fresco Pizzeria" located at "560 E. 149th Street, Bronx, NY 10455," the same address as Fresco Pizza.

36.    Cugini Pizzeria is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs.

37.    At all relevant times, Cugini Pizzeria has maintained control, oversight, and direction over Plaintiffs, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

38.    Cugini Pizzeria applies the same employment policies, practices, and procedures to all Plaintiffs at Fresco Pizza, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

39.    Upon information and belief, at all relevant times, Cugini Pizzeria has an annual gross volume of sales in excess of $500,000.

**Fresco Bronx Inc.**

40.    Together with the other Defendants, Fresco Bronx Inc. ("Fresco Bronx") has owned and/or operated Fresco Pizza during the relevant time period.

41.    Fresco Bronx is a domestic business corporation organized and existing under the laws of New York.

42.    Fresco Bronx is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs.

43.    At all relevant times, Fresco Bronx has maintained control, oversight, and direction over Plaintiffs, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

44.    Fresco Bronx applies the same employment policies, practices, and procedures to all Plaintiffs at Fresco Pizza, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

45.    Upon information and belief, at all relevant times, Fresco Bronx has an annual gross volume of sales in excess of $500,000.

**Andre Loguidice**

46.    Upon information and belief, Andre Loguidice ("Loguidice") is a resident of the State of New York.

47.    At all relevant times, Loguidice has been an owner and operator of Fresco Pizza.

48.    The Entity Information provided by the New York State Department of State – Division of Corporations – identifies Loguidice as the "Chief Executive Officer" of Cugini Pizzeria.

49.    Loguidice is listed as a "Principal," on the inactive New York State Liquor License for the premises doing business as "Fresco Pizzeria" located at "560 E. 149th Street, Bronx, NY 10455," the same address as Fresco Pizza.

50.    Loguidice is listed as the "President" of Cugini Pizzeria with "50%" ownership on the New York State Liquor License application for Fresco Pizza. *See* **Exhibit ("Ex.") A.**

51.    At all relevant times, Loguidice has had power over personnel decisions at Fresco Pizza, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.  In fact, Loguidice hired Plaintiffs Rivera, Guinea, Valero, Martinez, and Samayoa.

52.     At all relevant times, Loguidice has had power over payroll decisions at Fresco Pizza, including the power to retain time and/or wage records.

53.     At all relevant times, Loguidice has been actively involved in managing the day to day operations of Fresco Pizza.

54.     At all relevant times, Loguidice has had the power to stop any illegal pay practices that harmed Plaintiffs.

55.     At all relevant times, Loguidice has had the power to transfer the assets and/or liabilities of Fresco Pizza.

56.     At all relevant times, Loguidice has had the power to declare bankruptcy on behalf of Fresco Pizza.

57.     At all relevant times, Loguidice has had the power to enter into contracts on behalf of Fresco Pizza.

58.     At all relevant times, Loguidice has had the power to close, shut down, and/or sell Fresco Pizza.

59.     Loguidice is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs.

**Konstantinos Theodoratos**

60.     Upon information and belief, Konstantinos Theodoratos ("Theodoratos") is a resident of the State of New York.

61.     At all relevant times, Theodoratos has been an owner and operator of Fresco Pizza.

62.     Theodoratos is listed as a "Principal," on the inactive New York State Liquor License for the premises doing business as "Fresco Pizzeria" located at "560 E. 149th Street, Bronx, NY 10455," the same address as Fresco Pizza.

63.     Theodoratos is listed as the "Vice President" of Cugini Pizzeria with "50%"

ownership on the New York State Liquor License application for Fresco Pizza. *See* **Ex. A**.

64.    At all relevant times, Theodoratos has had power over personnel decisions at Fresco Pizza, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

65.    At all relevant times, Theodoratos has had power over payroll decisions at Fresco Pizza, including the power to retain time and/or wage records.

66.    At all relevant times, Theodoratos has been actively involved in managing the day to day operations of Fresco Pizza.

67.    At all relevant times, Theodoratos has had the power to stop any illegal pay practices that harmed Plaintiffs.

68.    At all relevant times, Theodoratos has had the power to transfer the assets and/or liabilities of Fresco Pizza.

69.    At all relevant times, Theodoratos has had the power to declare bankruptcy on behalf of Fresco Pizza.

70.    At all relevant times, Theodoratos has had the power to enter into contracts on behalf of Fresco Pizza.

71.    At all relevant times, Theodoratos has had the power to close, shut down, and/or sell Fresco Pizza.

72.    Theodoratos is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs.

## JURISDICTION AND VENUE

73.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

74.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

75.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PLAINTIFFS' FACTUAL ALLEGATIONS

76.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Inocencio Valero**

77.    During his employment, Valero generally worked the following scheduled hours unless he missed time for vacation, sick days and/or holidays: approximately 5 to 7 days per week, from approximately 10:50 a.m. to 10:00 p.m.

78.    During his employment, Defendants applied a tip credit towards the minimum wage rate paid to Valero for work performed as a delivery person. In this regard, throughout his employment, Defendants paid Valero approximately $7.00 per hour, in cash, for all hours worked.

79.    Defendants failed to notify Valero either verbally or in writing of the tip credit provisions of the FLSA and the NYLL, or of their intent to apply a tip credit to his wages.

80.    As a result of the above, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a credit to Valero's wages. As such, Valero should have been paid the full minimum wage not a reduced minimum wage rate.

81.    At all relevant times, Valero was entitled to receive the full statutory minimum wage for the first 40 hours per workweek, and 1.5 times the full minimum wage rate for all hours worked beyond 40 per workweek.

82.    Defendants regularly suffered or permitted Valero to work over 10 hours per day. Defendants did not pay Valero one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours (*i.e.*, "spread-of-hours pay").

83.    Defendants failed to furnish Valero with proper annual wage notices starting in February of 2012 and each year thereafter, as required by the NYLL.

84.    Defendants failed to furnish Valero with accurate wage statements, listing the rates paid, gross wages, and the claimed tip allowance, as required by the NYLL.

**Rafael Rivera**

85.    During his employment, Rivera generally worked the following scheduled hours unless he missed time for vacation, sick days and/or holidays:

   (a)   From in or around March 2011 to March 2012:  approximately 6 days per week from in or around 11:00 a.m. to 10:00 p.m.; and

   (b)   From in or around March 2012 to present:  Tuesday, Wednesday, and Thursday from approximately 11:00 a.m. to 10:00 p.m., and Friday and Saturday from approximately 11:00 a.m. to 11:00 p.m.

86.    During his employment, Defendants applied a tip credit towards the minimum wage rate paid to Rivera for work performed as a delivery person. In this regard, throughout his employment, Defendants paid Rivera approximately $7.00 per hour, in cash, for all hours worked.

87.    Defendants failed to notify Rivera either verbally or in writing of the tip credit provisions of the FLSA and the NYLL, or of their intent to apply a tip credit to his wages.

88.    As a result of the above, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a credit to Rivera's wages. As such, Rivera should have been paid the full minimum wage not a reduced minimum wage rate.

89.    At all relevant times, Rivera was entitled to receive the full statutory minimum wage for the first 40 hours per workweek, and 1.5 times the full minimum wage rate for all hours worked beyond 40 per workweek.

90.    Defendants regularly suffered or permitted Rivera to work over 10 hours per day. Defendants did not pay Rivera one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours (*i.e.*, "spread-of-hours pay").

91.    Defendants failed to furnish Rivera with proper annual wage notices starting in February of 2012 and each year thereafter, as required by the NYLL.

92.    Defendants failed to furnish Rivera with accurate wage statements, listing the rates paid, gross wages, and the claimed tip allowance, as required by the NYLL.

**Cynthia Guinea**

93.    During her employment, Guinea generally worked the following scheduled hours unless she missed time for vacation, sick days and/or holidays:  Sunday, Monday and Wednesday from approximately 12:00 p.m. to 10:00 p.m., and Friday and Saturday from approximately 11:00 a.m. to 11:00 p.m.

94.    During her employment, Defendants applied a tip credit towards the minimum wage rate paid to Guinea for work performed as a cashier and server. In this regard, throughout her employment, Defendants paid Guinea approximately $7.50 per hour for the first month of worked and then paid Guinea approximately $8.50 per hour thereafter.    At all times throughout her

employment, Guinea was compensated in cash, and was paid her regular hourly rate for all hours worked (*i.e.*, "straight time").

95.    Defendants failed to notify Guinea either verbally or in writing of the tip credit provisions of the FLSA and the NYLL, or of their intent to apply a tip credit to her wages.

96.    As a result of the above, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a credit to Guinea's wages. As such, Guinea should have been paid the full minimum wage not a reduced minimum wage rate.

97.    At all relevant times, Guinea was entitled to receive the full statutory minimum wage for the first 40 hours per workweek, and 1.5 times the full minimum wage rate for all hours worked beyond 40 per workweek.

98.    Defendants regularly suffered or permitted Guinea to work over 10 hours per day. Defendants did not pay Guinea one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours (*i.e.*, "spread-of-hours pay").

99.    Defendants failed to furnish Guinea with proper annual wage notices at the time of hiring and each year thereafter, as required by the NYLL.

100.    Defendants failed to furnish Guinea with accurate wage statements, listing the rates paid, gross wages, and the claimed tip allowance, as required by the NYLL.

**Luis A. Castillo Martinez**

101.    During his employment, Martinez generally worked the following scheduled hours unless he missed time for vacation, sick days and/or holidays:  Monday, Tuesday, Wednesday and Thursday from approximately 10:00 a.m. to 10:00 p.m., Saturday from approximately 10:00 a.m. to 11:00 p.m., and Sunday from approximately 11:00 a.m. to 10:00 p.m.

102.    From in or around 2011 to March 2017, Defendants paid Martinez approximately $7.50 per hour, in cash, for all hours worked (*i.e.*, "straight time").

103.    Defendants failed to compensate Martinez the full minimum wage rate.  In that regard, Defendants failed to compensate Martinez at least $8.00 per hour from December 31, 2013 to December 30, 2014, $8.75 from December 31, 2014 through December 30, 2015, $9.00 per hour from December 31, 2015 through December 30, 2016, and $11.00 per hour from December 31, 2016 through March 2017.

104.    Throughout his employment, Defendants were required to pay Martinez at least the full minimum wage rate as he performed work as a cashier and pizza maker – non-tipped positions.

105.    At all relevant times, Martinez was entitled to receive 1.5 times the full minimum wage rate, or his regular hourly rate – whichever is greater – for all hours worked beyond 40 per workweek.

106.    Defendants regularly suffered or permitted Martinez to work over 10 hours per day. Defendants did not pay Martinez one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours (*i.e.*, "spread-of-hours pay").

107.    Defendants failed to furnish Martinez with proper annual wage notices starting in February of 2012 and each year thereafter, as required by the NYLL.

108.    Defendants failed to furnish Martinez with accurate wage statements, listing the rates paid and gross wages, as required by the NYLL.

**Jorge Rafael Gil Samayoa**

109.    During his employment, Samayoa generally worked the following scheduled hours unless he missed time for vacation, sick days and/or holidays:  Monday, Wednesday and Thursday from approximately 10:00 a.m. to 10:00 p.m., Friday and Saturday from approximately 10:00 a.m. to 11:00 p.m., and Sunday from approximately 3:00 p.m. to 10:00 p.m.

110.    Defendants paid Samayoa the following hourly rates for all hours worked (*i.e.*, "straight time"):

      (a) from in or around 2011 to June 2014:  $8.50;

      (b) from in or around June 2014 to January 2016:  $9.50; and

      (c) from in or around January 2016 to the present:  $10.00.

111.    Defendants failed to compensate Samayoa the full minimum wage rate.  In that regard, Defendants failed to compensate Samayoa at least $11.00 per hour from December 31, 2016 through the present.

112.    Throughout his employment, Defendants were required to pay Samayoa at least the full minimum wage rate as he performed work as a line cook and food preparer – non-tipped positions.

113.    At all relevant times, Samayoa was entitled to receive 1.5 times the full minimum wage rate, or his regular hourly rate – whichever is greater – for all hours worked beyond 40 per workweek.

114.    Defendants regularly suffered or permitted Samayoa to work over 10 hours per day. Defendants did not pay Samayoa one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours (*i.e.*, "spread-of-hours pay").

115.    Defendants failed to furnish Samayoa with proper annual wage notices starting in February of 2012 and each year thereafter, as required by the NYLL.

116.    Defendants failed to furnish Samayoa with accurate wage statements, listing the rates paid and gross wages, as required by the NYLL.

**Eleuterio Daniel Jolomna Chub**

117.    During his employment, Chub generally worked the following scheduled hours unless he missed time for vacation, sick days and/or holidays:

>    (a)    From in or around February 4, 2014 to April 2015, for worked performed as a dishwasher: Monday, Wednesday and Thursday from approximately 10:00 a.m. to 10:00 p.m., Friday and Saturday from approximately 10:00 a.m. to 11:00 p.m., and Sunday from approximately 12:00 p.m. to 10:00 p.m.; and
>
>    (b)    From in or around April 2015 to March 2, 2017, for work performed as a line cook: Monday, Wednesday and Thursday from approximately 10:00 a.m. to 10:00 p.m., Friday from approximately 10:00 a.m. to 11:00 p.m., Saturday from approximately 4:00 p.m. to 11:00 p.m., and Sunday from approximately 12:00 p.m. to 10:00 p.m.

118.    Throughout his employment, Defendants paid Chub approximately $7.50 per hour, in cash, for all hours worked (*i.e.*, "straight time").

119.    Defendants failed to compensate Chub the full minimum wage rate.  In that regard, Defendants failed to compensate Chub at least $8.00 per hour from December 31, 2013 to December 30, 2014, $8.75 from December 31, 2014 through December 30, 2015, $9.00 per hour from December 31, 2015 through December 30, 2016, and $11.00 per hour from December 31, 2016 through March 2017.

120.    Throughout his employment, Defendants were required to pay Chub at least the full minimum wage rate as he performed work as a dishwasher and line cook – non-tipped positions.

121.    At all relevant times, Chub was entitled to receive 1.5 times the full minimum wage rate, or his regular hourly rate – whichever is greater – for all hours worked beyond 40 per workweek.

122.    Defendants regularly suffered or permitted Chub to work over 10 hours per day. Defendants did not pay Chub one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours (*i.e.*, "spread-of-hours pay").

123.    Defendants failed to furnish Chub with proper annual wage notices at the time of hiring or each year thereafter, as required by the NYLL.

124.    Defendants failed to furnish Chub with accurate wage statements, listing the rates paid and gross wages, as required by the NYLL.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiffs, individually)

125.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

126.    At all times relevant, Plaintiffs were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

127.    At all times relevant, Plaintiffs were or have been employees within the meaning of 29 U.S.C §§ 201 *et seq.*

128.    At all times relevant, Defendants have been employers of Plaintiffs, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C §§ 201 *et seq.*

129.    At all times relevant, Defendants have been required to pay directly to Plaintiffs the full minimum wage rate for all hours worked up to and including 40 hours per workweek.

130.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiffs Valero, Rivera and Guinea of the provisions of subsection 203(m) of the FLSA.

131.    At all times relevant, Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Plaintiffs Martinez, Samayoa and Chub were not employed in "tipped" positions under the FLSA.

132.    As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs, individually)**

133.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

134.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

135.    Defendants failed to pay Plaintiffs the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times the full minimum wage rate or their regular rate of pay, whichever is higher – for all hours worked beyond 40 per workweek.

136.    As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered

damages by being denied overtime compensation in amounts to be determined at trial, and are entitled

to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and

other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**THIRD CAUSE OF ACTION**
**New York Labor Law – Minimum Wages**
**(Brought on behalf of Plaintiffs, individually)**

137.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

138.    At all times relevant, Plaintiffs have been employees of Defendants, and

Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and

the supporting New York State Department of Labor Regulations.

139.    Defendants have failed to pay Plaintiffs the minimum hourly wages to which they

are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

140.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York

State Department of Labor Regulations, Defendants have been required to pay Plaintiffs the full

minimum wage at a rate of (a) $7.25 per hour for all hours worked from February 2011 through

December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 through

December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 through

December 30, 2015; and (d) $9.00 per hour for all hours worked from December 31, 2015 through

December 30, 2016; and (e) $11.00 per hour for all hours worked from December 31, 2016 through

the present.

141.    Defendants have failed to notify Plaintiffs Valero, Rivera and Guinea of the tip

credit in writing as required by the NYLL and the supporting New York State Department of Labor

Regulations.

142.    At all times relevant, Defendants were required to pay Plaintiffs Martinez, Samayoa and Chub at least the full minimum wage rate as they performed work in non-tipped positions.

143.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs, individually)

144.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

145.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs.

146.    Defendants failed to pay Plaintiffs the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times either the full minimum wage rate or the regular rate of pay, whichever is higher – for all hours worked beyond 40 per workweek.

147.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiffs, individually)

148.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

149.    Defendants have failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the

beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

150.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiffs, individually)

151.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

152.    Defendants have failed to furnish Plaintiffs with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

153.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars each workday that Defendants failed to provide Plaintiffs with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs, individually)

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    Defendants failed to supply Plaintiffs with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing:  dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

156.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, respectfully request that this Court grant the following relief:

A.    Unpaid minimum and overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B.    Unpaid minimum wages, overtime wages, spread-of-hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department

of Labor Regulations;

C.     Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

D.     Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

E.     Prejudgment and post-judgment interest;

F.     Reasonable attorneys' fees and costs of the action; and

G.     Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       November 22, 2017

                                        Respectfully submitted,

                                        Nicholas P. Melito

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Nicholas P. Melito
                                        28 Liberty Street, 30th Floor
                                        New York, NY 10005
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiffs*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.    Doy mi consentimiento para ser parte demandante en una demanda contra FRESCO PIZZA & PASTA y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.    Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)

_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against FRESCO PIZZA & PASTA and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against FRESCO PIZZA & PASTA and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.    Doy mi consentimiento para ser parte demandante en una demanda contra FRESCO PIZZA & PASTA y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.    Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

*Luis Castillo*

Firma (Signature)

*Luis A. Castillo Martinez*

Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.     Doy mi consentimiento para ser parte demandante en una demanda contra FRESCO PIZZA & PASTA y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.     Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.


_____
Firma (Signature)


Jorge Rafael Gil Samayoa
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra FRESCO PIZZA & PASTA y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.


_____
Firma (Signature)


Eleuterio   Daniel Jolomna Chub
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))