# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between **RAFAEL RIVERA, CYNTHIA GUINEA, INOCENCIO VALERO, LUIS A CASTILLO MARTINEZ, JORGE RAFAEL GIL SAMAYOA, and ELEUTERIO DANIEL JOLOMNA CHUB** (collectively, "Plaintiffs") and **CUGINI PIZZERIA CORP., ANDRE LOGUIDICE,** and **KONSTANTINOS THEODORATOS** (collectively, "Defendants"):

**WHEREAS,** on March 7, 2017, Plaintiffs sent a demand letter to Defendants, asserting violations of the Fair Labor Standards Act and the New York Labor Law, seeking to recover unpaid wages and claims for failure to provide an annual wage notice and accurate wage statements under the Wage Theft Prevention Act ("WTPA") (hereinafter, the "Demand Letter");

**WHEREAS,** Plaintiffs and Defendants (collectively, the "Parties") desire to fully and finally resolve and settle, in full, all wage and hour claims that Plaintiffs had, have, or may have against Defendants, including, but not limited to, all claims that were raised in the Demand Letter;

**NOW, THEREFORE,** the Parties, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties that:

1. **Payments.** Defendants agree to pay Plaintiffs the total sum of Fifty Thousand Dollars ($55,000.00) (the "Settlement Amount"), inclusive of Plaintiffs' attorneys' fees and costs. Within seven (7) days of receiving a copy of this Agreement signed by Plaintiffs, Defendants shall deliver to Plaintiffs' counsel – Fitapelli & Schaffer, LLP, 28 Liberty Street, 30th Floor, New York, New York 10005 – a signed copy of this Agreement.

Defendants will issue payment of the settlement amount as follows:

(a) On or before **March 1, 2018**, Defendants shall deliver to Plaintiffs' counsel seven (7) checks in the total amount of Eleven Thousand Dollars ($11,000.00), as set forth below:

i. **One (1)** check payable to "Rafael Rivera" in the amount of One Thousand Three Hundred One Dollars and Ninety-Six Cents ($1,301.96);

ii. **One (1)** check payable to "Cynthia Guinea" in the amount of Four Hundred Forty-Nine Dollars and Forty-Five Cents ($449.45);

iii. **One (1)** check payable to "Inocencio Valero" in the amount of One Thousand Five Hundred Seven Dollars and Twelve Cents ($1,507.12);

iv. **One (1)** check payable to "Luis A. Castillo Martinez" in the amount of One Thousand Five Hundred Eighty-Three Dollars and Twenty-Three Cents ($1,583.23);

v. **One (1)** check payable to "Jorge Rafael Gil Samayoa" in the amount of One Thousand Three Hundred Eighty-Five Dollars and Thirty-Three Cents ($1,385.33);

vi. **One (1)** check payable to "Eleuterio Daniel Jolomna Chub" in the amount of One Thousand Twenty-Two Dollars and Fourteen Cents ($1,022.14); and

vii. **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Three Thousand Seven Hundred Fifty Dollars and Seventy-Six Cents ($3,750.76).

(b) On or before **April 2, 2018**, Defendants shall deliver to Plaintiffs' counsel seven (7) checks in the total amount of Eleven Thousand Dollars ($11,000.00), as set forth below:

i. **One (1)** check payable to "Rafael Rivera" in the amount of One Thousand Three Hundred One Dollars and Ninety-Six Cents ($1,301.96);

ii. **One (1)** check payable to "Cynthia Guinea" in the amount of Four Hundred Forty-Nine Dollars and Forty-Five Cents ($449.45);

iii. **One (1)** check payable to "Inocencio Valero" in the amount of One Thousand Five Hundred Seven Dollars and Twelve Cents ($1,507.12);

iv. **One (1)** check payable to "Luis A. Castillo Martinez" in the amount of One Thousand Five Hundred Eighty-Three Dollars and Twenty-Three Cents ($1,583.23);

v. **One (1)** check payable to "Jorge Rafael Gil Samayoa" in the amount of One Thousand Three Hundred Eighty-Five Dollars and Thirty-Three Cents ($1,385.33);

vi. **One (1)** check payable to "Eleuterio Daniel Jolomna Chub" in the amount of One Thousand Twenty-Two Dollars and Fourteen Cents ($1,022.14); and

vii. **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Three Thousand Seven Hundred Fifty Dollars and Seventy-Six Cents ($3,750.76).

(c) On or before **May 1, 2018**, Defendants shall deliver to Plaintiffs' counsel seven (7) checks in the total amount of Eleven Thousand Dollars ($11,000.00), as set forth below:

i. **One (1)** check payable to "Rafael Rivera" in the amount of One Thousand Three Hundred One Dollars and Ninety-Six Cents ($1,301.96);

      ii. **One (1)** check payable to "Cynthia Guinea" in the amount of Four Hundred Forty-Nine Dollars and Forty-Five Cents ($449.45);

      iii. **One (1)** check payable to "Inocencio Valero" in the amount of One Thousand Five Hundred Seven Dollars and Twelve Cents ($1,507.12);

      iv. **One (1)** check payable to "Luis A. Castillo Martinez" in the amount of One Thousand Five Hundred Eighty-Three Dollars and Twenty-Three Cents ($1,583.23);

      v. **One (1)** check payable to "Jorge Rafael Gil Samayoa" in the amount of One Thousand Three Hundred Eighty-Five Dollars and Thirty-Three Cents ($1,385.33);

      vi. **One (1)** check payable to "Eleuterio Daniel Jolomna Chub" in the amount of One Thousand Twenty-Two Dollars and Fourteen Cents ($1,022.14); and

      vii. **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Three Thousand Seven Hundred Fifty Dollars and Seventy-Six Cents ($3,750.76).

  (d) On or before **June 1, 2018**, Defendants shall deliver to Plaintiffs' counsel seven (7) checks in the total amount of Eleven Thousand Dollars ($11,000.00), as set forth below:

      i. **One (1)** check payable to "Rafael Rivera" in the amount of One Thousand Three Hundred One Dollars and Ninety-Six Cents ($1,301.96);

      ii. **One (1)** check payable to "Cynthia Guinea" in the amount of Four Hundred Forty-Nine Dollars and Forty-Five Cents ($449.45);

      iii. **One (1)** check payable to "Inocencio Valero" in the amount of One Thousand Five Hundred Seven Dollars and Twelve Cents ($1,507.12);

      iv. **One (1)** check payable to "Luis A. Castillo Martinez" in the amount of One Thousand Five Hundred Eighty-Three Dollars and Twenty-Three Cents ($1,583.23);

      v. **One (1)** check payable to "Jorge Rafael Gil Samayoa" in the amount of One Thousand Three Hundred Eighty-Five Dollars and Thirty-Three Cents ($1,385.33);

      vi. **One (1)** check payable to "Eleuterio Daniel Jolomna Chub" in the amount of One Thousand Twenty-Two Dollars and Fourteen Cents ($1,022.14); and

      vii. **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Three Thousand Seven Hundred Fifty Dollars and Seventy-Six Cents ($3,750.76).

(e) On or before **July 2, 2018**, Defendants shall deliver to Plaintiffs' counsel seven (7) checks in the total amount of Eleven Thousand Dollars ($11,000.00), as set forth below:

    i. **One (1)** check payable to "Rafael Rivera" in the amount of One Thousand Three Hundred One Dollars and Ninety-Six Cents ($1,301.96);

    ii. **One (1)** check payable to "Cynthia Guinea" in the amount of Four Hundred Forty-Nine Dollars and Forty-Five Cents ($449.45);

    iii. **One (1)** check payable to "Inocencio Valero" in the amount of One Thousand Five Hundred Seven Dollars and Twelve Cents ($1,507.12);

    iv. **One (1)** check payable to "Luis A. Castillo Martinez" in the amount of One Thousand Five Hundred Eighty-Three Dollars and Twenty-Three Cents ($1,583.23);

    v. **One (1)** check payable to "Jorge Rafael Gil Samayoa" in the amount of One Thousand Three Hundred Eighty-Five Dollars and Thirty-Three Cents ($1,385.33);

    vi. **One (1)** check payable to "Eleuterio Daniel Jolomna Chub" in the amount of One Thousand Twenty-Two Dollars and Fourteen Cents ($1,022.14); and

    vii. **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Three Thousand Seven Hundred Fifty Dollars and Seventy-Six Cents ($3,750.76).

Plaintiffs agree to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority including interest, penalties or other damages) as a result of any failure by Plaintiffs to pay any taxes that Plaintiffs owe from any 1099 payments made by Defendants. However, Defendants shall remain exclusively responsible for its portion of payroll taxes that it may be required to pay in connection with this settlement.

2. **Confession of Judgment.** Contemporaneous with the Defendants' execution of this Agreement, Defendants shall deliver to Fitapelli & Schaffer, LLP an original Confession of Judgment, executed by Andre Loguidice and Konstantinos Theodoratos, on behalf of themselves and Cugini Pizzeria Corp., in the amount of $110,000.00, substantially in the form attached hereto as **Exhibit A**.

    (a) Plaintiffs' counsel will hold the Confession of Judgment in escrow and will only file the Confession of Judgment if one of the conditions described in Paragraph 2(b) below is met, and Defendants have not cured any such failure as set forth in Paragraph 2(b) below. Upon receipt of the total Settlement Amount as set forth in Paragraph 1 above, Plaintiffs' counsel agrees to destroy the Confession of Judgment.

(b) In the event Defendants: (i) fail to timely make any of the payments set forth in Paragraph 1 above; (ii) file for bankruptcy before the total Settlement Amount is paid; or (iii) if any of the payment checks fail to clear (i.e., bounces) Plaintiffs' counsel shall provide, by electronic mail, a notice to cure to Defendants' counsel, Kerry John Katsorhis, Esq. at gklawny@gmail.com. Defendants shall have three (3) days from and including the date on which the notice was e-mailed to cure the default. If the default is not cured within the three (3) day period, Defendants will immediately become indebted to Plaintiffs and will consent to entry of judgment in favor of Plaintiffs in the United States District Court for the Southern District of New York, for the amount set forth in the Confession of Judgment along with reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, but less any payments previously paid by Defendants to Plaintiffs. In the event Plaintiffs file the Confession of Judgment, Defendants further agree to waive the right to seek or otherwise obtain any stay of execution and/or seek relief under any benefit arising under any exemption laws now or hereafter in effect.

(c) In the event the Confession of Judgment is filed in accordance with Paragraph 2(b) above, Defendants shall be required to provide Plaintiffs' counsel with a Person Financial Statement ("PFS") within seven (7) days of the Court's entry of the Confession of Judgment. The PFS shall include, but not be limited to, the following financial information, if applicable: (a) all personal and corporate checking, savings, and money market account numbers to which they are signatories; (b) all brokerage stock, bond and/or mutual fund accounts to which they are signatories; (c) a list of all real properties in which they have an ownership interest including, but not limited to, the properties located at 228 Lafayette Street, Williston Park, NY 11596, 3514 172nd Street, Flushing, NY 11358, and 90 Schumacher Drive, New Hyde Park, New York 11040; (d) a list of all corporations in which they have an ownership interest; and (e) a list of all automobiles in which they have an ownership interest.

3. **Release by Plaintiffs.** In consideration of the payment to Plaintiffs by Defendants of the Settlement Amount, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendants from any and all wage and hour causes of action alleged in the Complaint (excluding retaliation) arising out of the Fair Labor Standards Act and the New York Labor Law from the beginning of the world to the date of this Agreement.

4. **Neutral Reference.** Defendants agree to provide Plaintiffs with a neutral reference stating only their name, dates of employment, and position.

5. **Settlement Contingent on Court Approval.** This Agreement is contingent upon the Court's approval of the settlement terms. Defendants agree to cooperate with Plaintiffs and

Plaintiffs' attorneys in order to obtain approval of the Court. If the Court refuses to grant final approval, the Parties will re-negotiate the terms of the settlement in good faith in accordance with the Court's comments. If the Parties are unable to reach a settlement, this Agreement will be voided, and will not be used for any purpose, and litigation will resume.

6. **No Admission of Wrongdoing.** This Agreement, and compliance with this Agreement, shall not be construed as an admission by either party of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7. **Modification.** This Agreement may only be modified, altered or changed in writing, signed by the Parties.

8. **Governing Law and Venue.** This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that the sole and exclusive jurisdiction and venue for any litigation arising from or relating to this Agreement shall be in the United States District Court for the Southern District of New York; and each party hereby irrevocably submits to such jurisdiction and venue, and agrees not to assert any defense of inconvenient forum or otherwise contest such jurisdiction or venue. This Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms. All parties to this Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Agreement.

9. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument. Fax or .pdf signatures shall be deemed original copies for the purposes of this Agreement.

10. **Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto.

11. **Waiver.** The waiver by one party of any breach of this Agreement by any other party shall not be deemed a wavier of any other prior or subsequent breach of this Agreement. No rights under this Agreement may be waived except in writing and signed by the waiving party.

12. **Notices.** Any notices to be given hereunder by any party to any others may be effected in writing either by (a) personal delivery, (b) email transmission, or (c) by FedEx or other overnight delivery service. Notices shall be addressed to the parties as follows:

    (a)    If to Claimants: Nicholas P. Melito, Fitapelli & Schaffer, LLP, 28 Liberty Street, 30th Floor, New York, New York 10005, nmelito@fslawfirm.com.

    (b)    If to the Employer: Kerry J. Katsorhis, Ginsberg & Katsorhis, P.C., 77-53 Main Street, Flushing, New York 11367, gklawny@gmail.com.

13. **Miscellaneous.** This Agreement shall not be construed in favor or against any party by reason of the extent to which any party or such party's counsel participated in the

drafting of the Agreement. This Agreement constitutes the entire agreement among these parties, and no representations, warranties or inducements have been made to the parties concerning this Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

14. **Headings.** The paragraph headings in this Agreement are for the convenience of reference only, do not constitute a part of this Agreement, and shall not be deemed to limit or affect any provision thereof.

15. **Knowing and Voluntary Agreement.** At the time of considering or executing this Agreement, Claimants were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Claimants are competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against the Employer as set forth in Paragraph 3. Claimants certify that they are not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair their right or ability to waive all claims they may have and that there is no language or other impediments to understanding fully the meaning and effect of this settlement, the release that they are granting and the waiver of any and all wage and hour claims.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

_____    1-23-18
RAFAEL RIVERA                         Date

_____    1/23/18
CYNTHIA GUINEA                        Date

_____    Jan 23, 2018
Inocencio Valera (Jan 23, 2018)
INOCENCIO VALERO                      Date

_____    1/23/18
LUIS A. CASTILLO MARTINEZ             Date

7

_[signature]_ 01-23-18

JORGE RAFAEL GIL SAMAYOA     Date

_Eleuterio Daniel Jolomna Chub_   Jan 23, 2018
Eleuterio Daniel Jolomna Chub (Jan 23, 2018)

ELEUTERIO DANIEL JOLOMNA CHUB    Date

CUGINI PIZZERIA CORP.     Date 01-09-18
By: Andre LoGuidice
Title: President

ANDRE LOGUIDICE     Date 01-09-18

8

_____       01-11-18
KONSTANTINOS THEODORATOS         Date

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INOCENCIO VALERO, RAFAEL RIVERA, CYNTHIA GUINEA, LUIS A. CASTILLO MARTINEZ, JORGE RAFAEL GIL SAMAYOA, and ELEUTERIO DANIEL JOLOMNA CHUB, on behalf of themselves,<br><br>Plaintiffs,<br><br>-against-<br><br>CUGINI PIZZERIA CORP., FRESCO BRONX INC., ANDRE LOGUIDICE, individually, and KONSTANTINOS THEODORATOS, individually,<br><br>Defendants. | Case No.<br><br>CONFESSION OF JUDGMENT |

STATE OF NEW YORK   :
                    : SS.:
COUNTY OF Queens    :

ANDRE LOGUIDICE and KONSTANTINOS THEODORATOS, being duly sworn, deposes and says:

1. I, ANDRE LOGUIDICE, am an owner of CUGINI PIZZERIA CORP. I am one the defendants in the above entitled action. I currently reside at 228 Lafayette St. Williston Park NY 11596 County of Nassau, State of New York. I have authority to sign on behalf of myself, and on behalf of CUGINI PIZZERIA CORP., and am duly authorized to make this Affidavit for Confession of Judgment on my own behalf and on behalf of CUGINI PIZZERIA CORP.

2. I, KONSTANTINOS THEODORATOS, am an owner of CUGINI PIZZERIA CORP. I am one the defendants in the above entitled action. I currently reside at 90 Schumacher Dr, New Hyde Park County of Nassau, State of New York. I have authority to sign on behalf of myself, and on behalf of CUGINI PIZZERIA CORP., and am duly authorized to make this Affidavit for Confession of Judgment on my own behalf and on behalf of CUGINI PIZZERIA CORP.

3. We, ANDRE LOGUIDICE and KONSTANTINOS THEODORATOS, hereby confess judgment and authorize entry of judgment in this Court against ourselves and CUGINI PIZZERIA CORP., jointly and severally, in favor of Plaintiffs, for the sum of One Hundred Ten Thousand Dollars and Zero Cents ($110,000.00), plus reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, but less any settlement monies already paid pursuant to the Settlement Agreement and General Release (the "Agreement") attached hereto as **Exhibit A** fully executed by the parties in the above-captioned

11

proceedings on _____, 2018.

4. This confession of judgment is for a debt justly due to Plaintiffs arising out of the following facts: Defendants' failure to pay in accordance with the Agreement.

5. We, ANDRE LOGUIDICE and KONSTANTINOS THEODORATOS, hereby represent our understanding that upon Defendants' breach of the payment provisions of the Agreement, and upon Defendants' failure to cure the breach, Plaintiffs shall have the unqualified right to cause this Affidavit for Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which any of us and/or any of the corporations stated herein, collectively or individually, have any ownership interest.

6. Plaintiffs agree that this Confession for Judgment shall be held in escrow by their attorneys and shall not be filed in any court unless and until Defendants fail to make payment as set forth in the Agreement. Upon full payment of the Settlement Amount, Plaintiffs, by and through their attorneys, shall destroy the original of the Confession of Judgment and shall not retain any copies thereof.

_____
ANDRE LOGUIDICE

Sworn to before me this
9th day of January, 2018

_____
Notary Public

KERRY JOHN KATSORHIS
Notary Public, State of New York
No. 41-2042585
Qualified in Queens County
Commission Expires December 31, 2021

_____
KONSTANTINOS THEODORATOS

Sworn to before me this
11 day of January, 2018

_____
Notary Public

KERRY JOHN KATSORHIS
Notary Public, State of New York
No. 41-2042585
Qualified in Queens County
Commission Expires December 31, 2021

12



CUCHI PIZZERIA CORP.
By: _____
Title: _____

Sworn to before me this
9th day of JANUARY, 2018

_____
Notary Public

KERRY JOHN KATSORHIS
Notary Public, State of New York
No. 41-2042585
Qualified in Queens County
Commission Expires December 31, 2021